UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NANCY MILLER, | : | |
| Plaintiff, | : | **Hon. Joseph H. Rodriguez** |
| v. | : | Civil Action No. 12-01069 JHR |
| ADVOCARE, LLC, | : | |
| Defendant. | : | **OPINION** |

Presently before the Court is Defendant's Motion to Dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). The Court has considered the written submission of the Defendant and will dismiss the action with prejudice pursuant to Rule 41(b).

## I. Background

Plaintiff Nancy Miller filed a Complaint against Defendant Advocare, LLC on February 22, 2012 alleging violations of the Family and Medical Leave Act ("FMLA") and New Jersey's Law Against Discrimination. Specifically, Plaintiff alleged that Defendant interfered with, restrained, and denied Miller her rights and benefits under the FMLA for taking time off for surgery, and that Advocare discriminated against Miller on account of her disability in violation of New Jersey law. (Compl. ¶¶ 27, 31). Defendant filed its Answer on April 24, 2012. On May 2, 2012 Counsel for the Defendant provided Plaintiff with Initial Disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1), and a letter to Plaintiff's counsel which included the factual basis for Advocare's position and a request that Miller withdraw her Complaint. (Letter from Matthew A. Green, Esq. Doc. 12). The discovery information indicated, that first, as an

1

employee, Miller received verbal performance warnings. Second, that Advocare had employee witnesses ready to testify that Miller misrepresented her date for Family Medical leave to obtain extra days off, and afterwards claimed that her surgery was rescheduled. Third, that Miller submitted a counterfeit Letter of Recommendation in the course of obtaining employment. (Aff. of F. Michael Daily, Jr. ¶ 4 Doc. 17-1).

Thereafter, Miller's counsel, F. Michael Daily Jr., met with Miller to review the discovery material. Upon meeting, Daily learned certain confidential information from Miller and then recommended that she withdraw her claims. See Br. in Supp. of Mot. to Withdraw, Doc. No. 17. Daily notified Defendant of this recommendation and Defendant's counsel prepared a settlement agreement. Daily forwarded this agreement to Miller, but she did not sign it and ceased communication with Daily. (Id. ¶¶ 5-8; Br. in Supp. of Mot. to Withdraw as Counsel at page 2 Doc. No. 17-2; Doc. No. 12).

Thereafter, Daily moved to withdraw as counsel for Miller. The Court ordered Miller to appear on August 29, 2012 for a hearing on the Motion to Withdraw. (August 7, 2012 Order Doc. 20). Daily served the Court's Order on Miller, but she did not appear at the hearing. See Proof of Service of F. Michael Daily, Jr. at 1 (Doc. No. 24). The Court granted Daily's Motion to Withdraw as Counsel and scheduled a status conference for October 5, 2012. The Court ordered Miller to retain new counsel or notify the Court in writing of her intent to proceed *pro se* by October 1, 2012. (August 29, 2012 Order Doc. 22). Daily served the Court's order on Miller and attempted to contact her, but she did not appear at the October 5, 2012 status conference and she failed to notify the Court of her intentions going forward. See Doc. 24; October 5, 2012 Minute Entry (Doc. 25). Defendant now moves to dismiss the complaint for lack of prosecution pursuant to

Federal Rule 41(b).  Plaintiff has not opposed the Motion or otherwise responded to any of the Court's Orders.

## II. Federal Rule of Civil Procedure 41(b)

Rule 41(b) permits a defendant to move to dismiss an action, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  The Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), set forth a six-factor test to determine if dismissal of an action with prejudice is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

(emphasis in original); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).  The Court also explained that, "'dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.'" Poulis, 747 F.2d at 866 (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)).  "Dismissal must be a sanction of last, not first, resort." Id. at 869.  No single Poulis factor is decisive and not every factor must be present to warrant dismissal.  See Adonai-Adoni v. King, No. 12-3605, 2012 WL 6183617, at *2 (3d Cir. Dec. 12, 2012); Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d. Cir. 1992).  In cases in which a plaintiff refuses to proceed with the case or make any attempt at adjudication, courts need not

conduct a balancing of the Poulis factors before dismissing the case.[1] Ultimately, a dismissal with prejudice is discretionary and "the decision must be made in the context of the district court's extended contact with the litigant." Mindek, 964 F.2d at 1373. See also Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed. Appx. 592, 595 (3d Cir. 2010); Adegbuji v. Middlesex County, 347 Fed. Appx. 877, 881 (3d Cir. 2009).

### III. ANALYSIS

After a review of the factors outline in Poulis, the Court finds that dismissal with prejudice is warranted in this case.

First, Plaintiff is personally responsible for her failure to prosecute. Prior to her counsel's withdraw, the record reflects that despite counsel's attempts, it was Plaintiff who frustrated the progress of her case. Plaintiff's dilatoriness continued after her counsel was permitted to withdraw from the case and she alone is responsible for her failure to move this case forward. A *pro se* plaintiff is responsible for her failure to comply with a court's orders and is solely responsible for the progress of her case.

---

[1] For example, in Abulkhair v. New Century Fin. Services, Inc., 467 Fed. Appx. 151, 153 (3d Cir. 2012) a *pro se* plaintiff refused to participate in discovery, respond to defendant's motion to dismiss, or respond to court orders. The Third Circuit court held that the plaintiff's actions in repeatedly impeding the adjudication of the case permitted the district court to dismiss Abulkhair's complaint without weighing the Poulis factors. Likewise, in Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) appellant received an adverse ruling on her sexual discrimination and sexual harassment claims. The Third Circuit court determined that Spain willfully refused to prosecute her remaining racial discrimination and retaliation claims. Thus, the district court was not at fault for dismissing the case without analyzing the Poulis factors. In contrast, while maintaining the position that a district court can dismiss a case for noncompliance, the Third Circuit court in Bush v. Dep't of Human Services, 485 Fed. Appx. 594, 597 (3d Cir. 2010) determined that the district court abused their discretion in dismissing Bush's case because there was no evidence of contumacious conduct or that Bush's matter was an extraordinary case.

Briscoe, 538 F.3d at 258-59; see Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002).  Although the Court must give due consideration to the explanations offered by a *pro se* litigant, the court need not speculate when a litigant fails to explain her failure to prosecute and/or answer the directives of the court.  See Briscoe, 538 F.3d at 258-59 (Court must give consideration to offered explanation); Ghana v. New Jersey State Parole Bd., No. 01-1620, 2011 WL 3608633, at *7 (D.N.J. Aug. 15, 2011) (litigant's failure to explain lack of diligence resulted in dismissal).

      Here, Plaintiff violated two Court Orders by failing to appear in court on August 29, 2012 and October 5, 2012. See Dkt. Nos. 20 and 25.  In addition, she failed to communicate with her former counsel prior to and after his withdrawal and has offered no response to the present Motion to Dismiss.  Miller's failures in this regard are her own and cannot be blamed on her former counsel.  Because she failed to perform the steps necessary to continue with her case or inform either the Court or her adversary of her intentions, despite being given the opportunity to do so, she is personally responsible for the delinquency under the first Poulis factor.

      Second, Plaintiff's failure to prosecute sufficiently prejudices Defendant by costing Defendant significant time, money, and potential backpay liability. (Def.'s Br. at 5 Doc. 26-1).  Prejudice includes "irremediable" or "irreparable" harm to the other party, Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994), and the burden caused "by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222 (3d Cir. 2003). See also Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988) (party's failure to make notebooks available for discovery and the resulting

5

cost of obtaining discovery orders was sufficient for finding prejudice, "irremediable prejudice" not required).  Prejudice may also take the form of extra costs, repeated delays, and having to file additional motions due to abusive behavior by the other party. Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, at *6 (D.N.J. May 20, 2011) report and recommendation adopted, No. 08-1210, 2011 WL 2112301 (D.N.J. May 25, 2011) aff'd, No. 11-2523, 2012 WL 6033987 (3d Cir. Dec. 5, 2012); Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) report and recommendation adopted, No. 08-4400, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

Here, the parties have been unable to put forth a Joint Discovery Plan pursuant to the Federal Rules, scheduled for July 11, 2012, because of Miller's noncompliance with a Court orders and the prosecution of this case has been halted by Plaintiff's absences.  Advocare has incurred costs associated with its own appearances and is unable to effectively prepare a defense strategy given Plaintiff's silence.  For these reasons, Plaintiff's failure to appear and unresponsiveness prolongs the case and prejudices the Defendant to the extent necessary to satisfy the prejudice prong under Poulis.

Third, Plaintiff's failure to attend two court hearings, failure to advise the court of her intent to proceed with new counsel or *pro se* and failure to respond to the present motion demonstrate a history of dilatoriness.  A history of dilatoriness is present where there is a pattern of consistent conduct that occurs more than a few times over the life of the case. Briscoe, 538 F.3d at 261 (3d Cir. 2008); Donnelly, 677 F.2d at 343 (3d Cir. 1982); Soriano v. County of Luzerne, No. 3:11-CV-2206, 2012 WL 6138476, at *5 (M.D. Pa. Nov. 13, 2012) report and recommendation adopted, No. 3:11-CV-2206, 2012 WL

6138468 (M.D. Pa. Dec. 11, 2012).

Here, Plaintiff's failures to appear and failure to respond to the Defendant's Motion to Dismiss are few in number. However, given the timing of Plaintiff's inactions and her general unresponsiveness to the Court's Orders and pending motions, the Court concludes that the recent pattern of dilatoriness is a strong factor favoring dismissal.

Fourth, the history of this case leaves the Court with no reason to doubt that Plaintiff's conduct appears to be willful under Poulis. Willful or bad faith conduct can be understood as intentional or self-serving behavior. See, e.g., NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976) (plaintiff refused to answer interrogatories and broke commitments to the court for a 17 month period); Curtis T. Bedwell & Sons, Inc., 843 F.2d at 695 (plaintiff failed to comply with court orders and discovery requests); see also Martino v. Solaris Health Sys. Corp., No. A.04 6324, 2007 WL 1959226, at *7 (D.N.J. June 29, 2007) (consistent failure to disobey court orders, "at the very least, renders his actions willful"); Gilligan v. Cape May County Corr., No. 05-1177, 2006 WL 3454864, at *2 (D.N.J. Nov. 28, 2006) (noncompliance with court orders is willful conduct); Emerson, 296 F.3d at 191 (failure to comply with court orders and "dragging the case out" was willful conduct). However, not every instance of failure to prosecute, negligence, or a "failure to move with the dispatch" amounts to willful or bad faith conduct under Poulis. See, e.g., Donnelly, 677 F.2d at 342 (plaintiff's dilatoriness in obtaining new counsel after the case was transferred from Texas to New Jersey not unreasonable).

Here, Miller failed to adhere to two Court Orders and did not respond to Advocare's Motion to Dismiss. Additionally, Miller has failed to notify the Court

7

whether she intends to proceed at all, albeit with new counsel or *pro se*. Given Plaintiff's silence for nearly a year, this Court can only conclude that Miller's conduct is intentional.

 The Court now considers whether there is any alternative to dismissal that will facilitate Plaintiff's continued prosecution of this case. Dismissal with prejudice is a drastic action, and one of last resort. Poulis, 747 F.2d at 866, 869. Thus, "'it is necessary… to consider whether lesser sanctions would better serve the interests of justice'" Titus v. Mercedez Benz of North America, 695 F.2d 746, 749 (3d Cir. 1982) (quoting Donnelly, 677 F.2d at 342).

 The Court has considered the alternative sanctions available and agrees with Defendant that no alternative sanction would have the effect of rejuvenating Plaintiff's prosecution of this case.

 Finally, the Court finds that Plaintiff's claims are marginally meritorious and warrant dismissal. Poulis, 747 F.2d at 869-70; Briscoe, 538 F.3d at 263; Adonai-Adoni v. King, No. 07-3689, 2012 WL 3535922, at *5 (E.D. Pa. June 7, 2012) report and recommendation adopted, No. 07-3689 MLC, 2012 WL 3535962 (E.D. Pa. Aug. 13, 2012) (noting that this is the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim). Plaintiff's allegations were undermined by the initial disclosures, causing her prior counsel to recommend dismissal. While the factual allegations in the complaint could conceivably support violations of these laws and recovery if they were established at trial, the Court is mindful of the posture of this case and concludes that this factor does not impede dismissal.

 The Court has considered the Poulis factors and finds that the majority of the

considerations weigh in favor of dismissal.  As a result, dismissal pursuant to Federal Rule 41(b) is appropriate and Defendant's Motion to Dismiss is granted.

An Appropriate Order shall issue.


Dated: May 21, 2013

                                       s/ Joseph H. Rodriguez
                                      Hon. Joseph H. Rodriguez,
                                      UNITED STATES DISTRICT COURT